The opinion of the Court was delivered by
O’Neall, J.
That the delay in the delivery of the plaintiff’s cotton is to be ascribed to the act of God, cannot be doubted, when it is remembered that the greatest freshet, known in this country, descended the Broad and Saluda rivers on the 28th and 29th of August, and was present, in its awful power, in the Congaree, on the 30th, and swept away, by its irresistible force, the railroad bridge of the South-Carolina Railroad, across the river, and rendered the swamp impassible for freight, by a number of breaks in the embankment and tressel. This prevented the Charlotte Company from transporting the cotton over the South-Carolina Railroad, with which they were in connection when they gave their receipt. They resorted to other means, and finally succeeded in delivering it, on the 28th of September, to the consignees in Charleston, making a delay of 21 days, over the usual time of transit, 11 days.
That the Company is not liable for this delay, is, I think, plain. They have shown the inevitable accident, or aet of God. If the effect of this arose from the imperfect structure of the bridge, embankment, or tressel, the plaintiff was bound to show it. A ship lost in a storm at sea, a boat running the usual channel of our rivers and striking upon an unknown snag, are supposed to be sea-worthy, or capable of carrying, until the contrary is made to appear. So of a railroad: its capacity for the transportation of produce, when it is broken down by the act of God, is presumed, until the contrary appears.
*411 It was the duty of the Company, when they were stopped at their own terminus, and the South-Carolina Railroad Company could not there receive the cotton, to resort to all the means which a prudent man would to expedite it. (a)
This seems to have been done. Wagons were employed to haul the cotton to Granby, thence it was boated to Neuffer’s landing, beyond the Congaree, and thence taken to the South-Carolina Railroad, and by it forwarded and delivered to the consignees.
This was done in an exceedingly short time, considering the difficulties to be overcome. I think, therefore, the defendants are not liable for the depreciation in the price of cotton during the month of September.
But they are liable for the loss in weight of the cotton, arising probably from the bursting of the bagging, and the manner in which it was handled. I have very little doubt that the great difference in weight ought not to be ascribed to the Charlotte Company. Still, we have no means of ascertaining the error, in this respect, and therefore the verdict must stand for all except the depreciation in the price of the cotton.
The motion for a new trial is granted, unless the plaintiff shall within thirty days after the delivery of this opinion, enter a remittitur upon the record of the sum of $321 63, the depreciation in the price of cotton charged in the plaintiff’s bill of particulars: if this is done as directed, the motion for a new trial will be dismissed.
Wardlaw and Whitner, JJ., concurred.
Glover J., absent at the argument.

New trial nisi.

(a) Faulkner & Carnes vs. Wright Cocker & Tattle Rice, 116.